WENDY C. YORK, SBN 166864
DANIEL JAY, SBN 215860
YORK LAW CORPORATION
1111 Exposition Blvd., Bldg. 500
Sacramento, California 95815
Phone: (916) 643-2200
Fax: (916) 643-4680

Attorney for Plaintiff, SINDY BUFORD

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINDY BUFORD, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>vs<br><br>MATHESON TRUCKING, INC., a California Corporation; MATHESON FLIGHT EXTENDERS, INC., a California Corporation; MATHESON MAIL TRANSPORTATION, INC., a California Corporation; MATHESON POSTAL SERVICES, INC., a California Corporation; SHIRLEY CURRAN, an individual; and DOES 1 through 50, inclusive,<br><br>　　　　　　　　Defendants. | CASE NO.<br><br>**COMPLAINT FOR RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981; DEMAND FOR JURY TRIAL** |

**JURISDICTION AND VENUE**

1.　The Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343 (civil rights).

2.　The acts or omissions that make the basis of this suit occurred in Sacramento County, California and in this judicial district. As a result, venue is proper in this Court under 28 U.S.C. § 1391. Defendants are subject to personal jurisdiction in this District in that they maintain facilities and business operations in this District, employ or employed Plaintiff in this District, and committed the discriminatory acts alleged herein in this District.

3. No administrative exhaustion or other conditions precedent are required before the filing of a claim under 42 U.S.C. § 1981.

4. Plaintiff, SINDY BUFORD, by and through her attorneys, hereby complains of Defendants, MATHESON TRUCKING, INC., a California Corporation; MATHESON FLIGHT EXTENDERS, INC., a California Corporation; MATHESON MAIL TRANSPORTATION, INC., a California Corporation; MATHESON POSTAL SERVICES, INC., a California Corporation; SHIRLEY CURRAN, an individual; and DOES 1 through 10, and each of them ("Defendants"), for causes of action alleged as follows:

## NATURE OF THE CASE

5. This is an employment discrimination case brought pursuant to 42 U.S.C. § 1981 of the Civil Rights Act of 1866. Plaintiff alleges that Defendants engaged in employment discrimination because of Plaintiff's race. Plaintiff seeks both compensatory and punitive damages and an award of costs, expenses, and attorneys' fees.

## THE PARTIES

6. Plaintiff is informed and believes and thereon alleges that Defendant MATHESON TRUCKING, INC. is a California Corporation doing business in the State of California, County of Sacramento. At all times pertinent hereto, Defendant MATHESON TRUCKING, INC. was one of Plaintiff BUFORD's employers.

7. Plaintiff is informed and believes and thereon alleges that Defendant, MATHESON FLIGHT EXTENDERS, INC. is a California Corporation doing business in the State of California, County of Sacramento. At all times pertinent hereto, Defendant MATHESON FLIGHT EXTENDERS, INC. was one of Plaintiff BUFORD's employers.

8. Plaintiff is informed and believes and thereon alleges that Defendant MATHESON MAIL TRANSPORTATION, INC. is a California Corporation doing business in the State of California, County of Sacramento. At all times pertinent hereto, Defendant MATHESON MAIL TRANSPORTATION, INC. was one of Plaintiff BUFORD's employers.

9. Plaintiff is informed and believes and thereon alleges that Defendant MATHESON POSTAL SERVICES, INC. is a California Corporation doing business in the State of California,

County of Sacramento. At all times pertinent hereto, Defendant MATHESON POSTAL SERVICES, INC. was one of Plaintiff BUFORD's employers.

10. Plaintiff is informed and believes and thereon alleges that Defendant SHIRLEY CURRAN was at all times relevant hereto a supervisory employee of the MATHESON Defendants. Defendant CURRAN was Chief Human Resources Officer at the MATHESON Defendants and at all times herein relevant, one of Plaintiff BUFORD's immediate supervisors. Defendant CURRAN is a California Resident.

11. Defendant, MATHESON TRUCKING, INC. has three divisions that it operates that make up the "Matheson Companies" and who are also Defendants in this case: MATHESON FLIGHT EXTENDERS, INC., MATHESON MAIL TRANSPORTATION, INC., and MATHESON POSTAL SERVICES, INC. Each of these Defendant corporations is headquartered in Sacramento, California in the same office as MATHESON TRUCKING, INC. The address for each Defendant's headquarters and primary place of business is the same – 9785 Goethe Road, Suite 100, Sacramento, CA 95827. The Board of Directors for each of these Defendant Corporations are the same.

12. Collectively, MATHESON TRUCKING, INC., MATHESON FLIGHT EXTENDERS, INC., MATHESON MAIL TRANSPORTATION, INC, and MATHESON POSTAL SERVICES, INC. herein to referred to as the "MATHESON TRUCKING" Defendants or the "MATHESON" Defendants.

13. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who, therefore, sues such Defendants by such fictitious names. Plaintiff will seek to leave to amend this Complaint to show their true names and capacities when the same has been ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein DOES 1 through 10 was, in some manner, responsible for the occurrences and injuries alleged herein. Plaintiff is informed and believes that DOE Defendants are California Residents subject to the jurisdiction of this Court.

14. At all times mentioned herein, each and every Defendant was the agent and employee of each and every Defendant; and in doing the things alleged, was acting within the course and scope of such agency and employment; and, in doing the acts herein alleged, was acting with the consent, permission, and authorization of each of the remaining Defendants. All actions of each Defendant alleged herein were ratified, and approved, by the officers or managing agents of every other Defendant.

## FACTS

15. At all times, the MATHESON Defendants purported to follow personnel practices and procedures that prohibited them from harassing or discriminating against any employee because of race. Yet, in 2015, Defendants MATHESON TRUCKING, INC and MATHESON FLIGHT EXTENDERS, INC., were found liable for race discrimination in Federal Court in a case involving seven minority Plaintiffs.

16. Plaintiff SINDY BUFORD is a black female and a resident of Sacramento County. The MATHESON Defendants hired Plaintiff SINDY BUFORD in March 2016. Ms. BUFORD was the only black supervisor/manager at the MATHESON Defendants' corporate office. This was not "at-will employment." The MATHESON Defendants had a Human Resources policy and practice of terminating employees only "for cause."

17. Upon hiring Ms. BUFORD, the MATHESON Defendants' Chief Director of Human Resources, Shirley CURRAN, told Plaintiff that the reason Plaintiff was hired was that MATHESON was found liable in a multi-plaintiff race discrimination case, in part, because the MATHESON Defendants failed to have anti-discrimination policies and procedure in place. Yet, even when Shirley CURRAN purportedly created a new equal employment opportunity policy, the MATHESON Defendants did not conduct company-wide anti-discrimination training on the equal employment opportunity policy on a routine or systematic company-wide basis. Without company-wide anti-discrimination training (on the new policy and otherwise), the MATHESON Defendants had a workforce that was left ignorant as to employee rights to be free from a work environment that subjected them to discrimination based on race and, thus, subjecting Ms. BUFORD to the discrimination based on her race as described herein.

18. The MATHESON Defendants first hired Ms. BUFORD to work as a temporary employee in Human Resources to monitor United States Postal Service (USPS) background clearances and navigate the company through a government audit. After 90 days, the MATHESON Defendants hired Plaintiff BUFORD full time in the Human Resources department. After another month, she was "promoted" to Human Resources Manager for Postal Operations where her job duties included processing FMLA leave absences, directing work of other human resources coordinators, reviewing driver qualification files, planning for getting through peak season hiring process, reviewing and revising the employee handbook and employee policies manual, and conducting California DMV checks for postal drivers to ensure all drivers were properly licensed and trained for USPS standards. Plaintiff also coordinated the random drug and alcohol tests schedule.

19. When the MATHESON Defendants "promoted" Ms. BUFORD to an HR manager position, there was no public announcement of Ms. BUFORD's "promotion" in contrast with what happened when a Caucasian employee was promoted. In the case of a Caucasian employee's promotion, it would be announced by the MATHESON Defendants and the employee's new job title would be placed on the company directory. Thus, when Ms. BUFORD had to contact various station or terminal managers as part of her job of conducting human resources investigations, the station/terminal managers did not know who Ms. BUFORD was nor were they familiar with her authority to conduct such investigations as a human resources manager making Ms. BUFORD feel that her "promotion" was not truly a promotion and she was being treated differently in that regard because of her race.

20. The MATHESON Defendants' failure to announce Ms. BUFORD's "promotion" and the failure to support her in a human resources manager position, in contrast to how Caucasian employees' promotions were treated, evidences the fact that Ms. BUFORD did not receive the same or equal treatment as her Caucasian colleagues. This also evidences that Ms. BUFORD was treated differently because of her race. This adverse treatment based on race is also more apparent given the context that the MATHESON Defendants were found guilty of race discrimination just a year

earlier and there were no previous black managers or supervisors at MATHESON's corporate offices.

21. Ms. BUFORD further experienced discrimination because of her race when the MATHESON Defendants and Defendant CURRAN usurped Ms. BUFORD's authority as a human resources manager to conduct investigations into discriminatory practices at MATHESON. To wit, the MATHESON Defendants are federal USPS contractors and are obligated to track and collect employee demographics and statistical data pertaining to race and other protected categories and submit said data to the federal government. In connection with the aforementioned data-keeping and data-transmitting obligations, a white employee who was a subordinate to Ms. BUFORD (who is black and responsible for handling human resources investigations including investigations into racial discrimination) observed a statistical trend on several instances that indicated that at least two white MATHESON Directors (upper-level management) were not considering black and other minority candidates for hire. The white subordinate employee reported her findings to MATHESON's Chief Human Resources Director CURRAN (who is white). The Chief Human Resources Director, Shirley CURRAN, usurped Ms. BUFORD's role and obligation to investigate such matters, by not having Plaintiff investigate the trend of white Directors not considering black/minority applicants, nor did she inform Ms. BUFORD of these instances, but rather had the subordinate level employee find justifications for the trend in denying racial minorities employment. Defendants attempted to keep this hiring issue secret from Plaintiff, an HR Manager tasked with investigating such issues because of Ms. BUFORD's race. The only way that Plaintiff, the HR Manager whose responsibility it was to perform HR investigations into discrimination issues, found out was because the non-manager subordinate that was tasked to look for a justification into why black and minority applicants were not being considered for hiring reported the instances to Ms. BUFORD because the subordinated needed direction on how to handle the issues and felt uncomfortable addressing the issue with a Chief Director, who was several levels of management above her. Ms. BUFORD was more than qualified to conduct such investigations and to have her duties taken away from her and given to white subordinates can only mean that it was done because of Ms. BUFORD's race. Further, the MATHESON Defendants did not initiate any training,

counseling, or discipline after learning of these trends where black and minority candidates were not being hired.

22. Ms. BUFORD was further subjected to racial discrimination when the son of MATHESON Defendants' President, Josh Matheson, treated Ms. BUFORD (who was a human resources manager) as his personal assistant when there was no real work relationship between Josh Matheson and Ms. BUFORD. For example, during the hunting season, Josh Matheson asked MATHESON employees to haul dead animal parts *gratis* in violation of Company policy, which constituted a misuse of MATHESON employees and resources. Thereafter, Mr. Matheson asked Ms. BUFORD to prepare "thank you" notes to the employees who transported the dead animals to which she politely declined because it was not her job as a human resources manager and she did not want to be a part of the violation of Company policies and referred Mr. Matheson to his father's personal assistant. As a result of Ms. BUFORD's refusal to prepare the "thank you" notes Josh Matheson had ordered her to write and her refusal to go along with the violation of Company policies, Ms. BUFORD was verbally reprimanded by MATHESON's Chief Human Resources Director, Shirley CURRAN. Even worse, before Ms. CURRAN reprimanded Ms. BUFORD, she told Ms. BUFORD in private that Josh Matheson's order for the "thank you" notes was entirely inappropriate. Yet, when the matter was made public, Ms. CURRAN was publicly harsh to Ms. BUFORD, yelled "You, in my office!" while also pointed her fingers at Ms. BUFORD and then proceeding to verbally reprimand Ms. BUFORD for her refusal to participate in Josh Matheson's violation of Company policy. Thus, Josh Matheson's conduct not only violated company policy but it also created an unequal application and unequal enforcement of Company policy where a white manager (Josh Matheson) was allowed to abuse Company policy and resources but the single black corporate-level manager (Ms. BUFORD) was disciplined by CURRAN for refusing to participate or condone Josh Matheson's behavior. Plaintiff alleges that said conduct by the MATHESON Defendants and CURRAN was because of Ms. BUFORD's race.

23. Thereafter, the MATHESON Defendants and their Chief Human Resources Director, Shirley CURRAN, continued to exclude and isolate Ms. BUFORD because of her race by (1) scheduling meetings on top of Ms. BUFORD's previously announced Human Resources meetings;

(2) excluding Ms. BUFORD from Human Resources meetings regarding anything to do with the entities that were not hiring black and minority candidates; and (3) by giving assignments and investigations to Ms. BUFORD's white subordinates without her knowledge despite the fact that Ms. BUFORD was the Human Resources manager who was responsible conducting investigations.

24.     At all times, Plaintiff SINDY BUFORD performed her job in a competent and professional manner. Plaintiff BUFORD was never disciplined and never received written or verbal admonishments or reprimands or unsatisfactory performance reviews. Yet, it soon became clear that the MATHESON Defendants had had enough of their only black corporate-level manager and cooked up a pretext to get rid of her. Thus, MATHESON's Chief Human Resources Director, Shirley CURRAN, fabricated a discussion between Ms. BUFORD and another employee and then fabricated and changed the wording of a Human Resources policy that did not previously exist purportedly prohibiting "gossiping" and used it to terminate Ms. BUFORD's employment. The MATHESON Defendants did not enforce or apply said policy equally because of race.

25.     For example, Defendant CURRAN (who is white) gossiped and revealed personal and confidential human resources matters to other employees in a public way and was never disciplined, reprimanded, or counseled. Yet, the MATHESON Defendants fired the single black Manager for a purported violation of a made-up policy that Ms. CURRAN repeatedly violated, causing an unequal enforcement/unequal application of policies where white employees were excused, the single black employee Manager was fired. Plaintiff alleges that this was done because of her race and that she would not have been terminated if she had been white.

### FIRST CAUSE OF ACTION

(Race Discrimination [Disparate Treatment] in Violation of 42 U.S.C. § 1981 against all Defendants)

26.     Plaintiff refers to and re-alleges every allegation contained in every paragraph hereinabove, inclusive, as though set forth fully herein.

27.     42 U.S.C. § 1981(a) provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the

security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." "'Make and enforce contracts' includes the making, performance, modification and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." (42 U.S.C. § 1981(b).)

28. Plaintiff is a "person within the jurisdiction of the United States."

29. Plaintiff entered into an employment contract with Defendants in the late Spring of 2016.

30. Defendants' discrimination against Plaintiff because of her race as described above is an intentional violation of the rights afforded to Plaintiff by the Civil Rights Act of 1866, 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991. Further, Plaintiff's race was the cause for the adverse employment actions against her.

31. Thus, by the conduct described above, Defendants intentionally deprived Plaintiff the same rights as are enjoyed by white citizens to the creation, performance, enjoyment, and all benefits and privileges, of her contractual employment relationship with Defendants in violation of 42 U.S.C. § 1981.

32. As a result of Defendants' racial discrimination in violation of section 1981, Plaintiff has been denied continued employment with the MATHESON Defendants thereby entitling her to monetary relief, and has suffered anguish, humiliation, distress, inconvenience, and loss of enjoyment of life because of the Defendants' actions, thereby entitling her to compensatory damages.

33. As a direct, legal, and proximate result of the discrimination, Plaintiff has sustained economic and emotional injuries, resulting in damages in an amount to be proven at trial.

34. By their discriminatory actions as alleged above, the Defendants have acted intentionally and with malice or reckless indifference to the rights of Plaintiff thereby entitling her to an award of punitive damages.

35. Plaintiff is entitled to her reasonable attorneys' fees and costs of suit.

36. To remedy the violations of Plaintiff's rights secured by 42 U.S.C. § 1981, Plaintiff requests that the Court award her the relief prayed below.

### PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

1. For special damages including, but not limited to, loss of income and benefits according to proof;

2. For compensatory damages for Plaintiff's emotional pain and suffering in an amount to be proven at trial;

3. For punitive damages;

4. For her reasonable attorneys' fees and costs; and

5. For such other and further relief as this Court deems just and proper.

Dated: January 26, 2021                                                      YORK LAW CORPORATION


/s/ Wendy C. York

WENDY C. YORK
DANIEL JAY
Attorneys for Plaintiff SINDY
BUFORD

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims stated in this Complaint on which she is entitled to a jury trial.

Dated: January 26, 2021                                                      YORK LAW CORPORATION


/s/ Wendy C. York

WENDY C. YORK
DANIEL JAY
Attorneys for Plaintiff SINDY
BUFORD